Randall Thomas Naves, pro se
PO Box 165300
Salt Lake City, Utah 84116

FILED
2022 NOV 7 PM 2:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH    CENTRAL DIVISION

| | |
|---|---|
| RANDALL THOMAS NAVES, PLAINTIFF<br><br>v<br><br>BRIAN NIELSON, EXECUTIVE DIRECTOR, UTAH DEPARTMENT OF CORRECTIONS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br>ANNA LEE CARLSON, SUPERVISOR, MAIL AND PROPERTY, UTAH STATE CORRECTIONAL FACILITY, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES;<br>NICHOLE KOCH, PROPERTY MANAGER, UTAH STATE CORRECTIONAL FACILITY, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES;<br>C. _____ LUND AND _____ BROUUBAAR, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES<br>DEFENDANTS | CIVIL RIGHTS COMPLAINT UNDER<br>TITLE 42 U.S.C. § 1983<br>TITLE 42 U.S.C. § 2000 (RLUIPA)<br><br>CASE NO:<br><br>JUDGE:<br><br>Case: 2:22-cv-00695<br>Assigned To : Parrish, Jill N.<br>Assign. Date : 10/31/2022<br>Description: Naves v Nielson et al<br><br>RECEIVED US Dist Court-UT<br>OCT 28 '22 PM04:14 |

A. Jurisdiction

1. Jurisdiction is proper in this court according to Title 42 U.S.C. § 1983.

2. The plaintiff, Randall Thomas Naves, is a citizen of Utah, a state inmate held by the Utah Department of Corrections, and housed at the Utah State Correctional Facility, 1480 N 8000 W, Salt Lake City, Utah (PO Box 165300). This address/housing subject to change without notice.

3. All the defendants are citizens of Utah, employed in various positions by the Utah Department of Corrections (UDOC), 14717 South Minuteman Drive, Draper, Utah 84020.

Were the defendants acting under the authority or color of state law at the time these claims occurred? Yes.

If yes briefly explain: All inmates from the state's old prison site were moved to the state's new correctional facility. As part of this move, all of the inmates had all of their property searched. During this search, conducted outside of the plaintiff's presence by defendants C. Lund and _____ Brouubaar, several of the plaintiff's religious items were removed from the plaintiff's property under the authority of the state's Department of Corrections, theorhetically operating in accordance with state law.

### B. Nature of the Case

1. Why are you bringing this case to court? Please explain the circumstances that led to the problem.

As part of the plaintiff's move to the state's new prison site, several of the plaintiff's religious items were removed from the plaintiff's property, one simply disappearing, one the plaintiff later forced to send off-property, and one later returned to the plaintiff. This suit is about the missing and forced to send off-property items.

### Background and Explanation

The plaintiff is a Wiccan, a practitioner of a nature-based non-traditional religion. As noted in EXHIBIT A, the property inventory done when the plaintiff was moved to Davis County Jail in November 2021 (see case number 1:22-cv-00046) the plaintiff was in possession of two books. Although not listed by title (in violation of policy) these were: "The Good Witches Bible", and "Wicca, A Guide for the Solitary Practitioner". Not listed as a "book" was the plaintiff's 'Book of Shadows', as it was included in the 4" of miscellaneous paperwork the plaintiff was allowed to bring with him. This 'Book of Shadows' is a religious item, and has survived countless moves and searches over the years, as have the two books named above. EXHIBIT B, the property inventory performed by defendants Lund and Bruubaar when the plaintiff was moved to the state's new prison site lists "one Wicca book" without any title, and refers to the plaintiff's 'Book of Shadows' as a "hobbycraft book".

According to "Wicca Behind Bars"[1] "A Book of Shadows is the hand-written journal most Wiccans keep. In it, you record the rituals and exercises you do (when, how you prepared, what you used on the altar, what you did and said, what you intend to accomplish, how you feel about the rite), ideas, fears, poems... and so forth."

According to "Wicca A Guide for the Solitary Practitioner"[2] "The 'Book of Shadows' is a Wiccan workbook containing invocations, ritual patterns, spells [prayers], runes, rules governing magick, and so on... The vast majority of these are composed by each individual Wiccan."

According to "Wicca Behind the Wire"[3] "A Book of Shadows can best be described as a prayer book. It gives the format and words for circle [service], along with variations and instruction. The term dates back to the Burning Times when it was written and kept in the shadows."

When the plaintiff received his property after the move and discovered his religious items missing, he grieved (see EXHIBIT C). In his grievance, the plaintiff noted, "this is an RLUIPA issue", and referenced all of his missing items... The "one Wicca book" listed on the property inventory completed by defendants Lund and Bruubaar, was the plaintiff's copy of "Wicca A Guide for the Solitary Practitioner", which was later returned to him... No one seems to know where the plaintiff's copy of "The Good Witches Bible" by Gavin and Yvonne Frost disappeared to... The last the plaintiff and others saw it, it was in his possession, stored safely in his "tote", ready for the move... It was in his tote when it was sealed prior to transport.

As to the plaintiff's 'Book of Shadows'... During conversations with defendant Nichole Koch as part of the grievance resolution process, the plaintiff was told by her numerous times that "because his 'Book of Shadows' was not a 'book' by a 'publisher', it would not be returned to him; he would be forced to send it off-property or to donate it.". Despite the plaintiff's efforts to explain why this shouldn't be done, and why Wiccan's 'Books of Shadows' take the forms that they do, defendant Nichole Koch was unmoved. Neither was her supervisor, defendant Anna Lee Carlson (see EXHIBIT D, staff response to the plaintiff's grievance, signed by defendants Nichole Koch and Anna Lee Carlson).

---

[1] "Wicca Behind Bars", Carol Garr, Mother Earth Ministries, 2017 -- available for viewing by all on the prison's tablet system.
[2] "Wicca, A Guide for the Solitary Practitioner", Scott Cunningham, Llewellyn Publications 2003
[3] "Wicca Behind the Wire", R. Thomas Shipp, unpublished, previously used as an exhibit in another case years ago.

On 30 August, 2022, 45 days after the move, the plaintiff was charged $11.45 to mail his 'Book of Shadows' to his brother Steve in California. The plaintiff is in the process of suing Davis County Jail (Naves v Spaulds, 1:22-cv-00046) for keeping this same 'Book of Shadows' outside the plaintiff's possession and in its property room for a mere 17 days; along with interfering with the plaintiff's access to the courts. Why wouldn't the plaintiff pursue this case for depriving him use of his 'Book of Shadows' for a substantially longer period of time?

Exhibit E, provided by the plaintiff's brother, shows that he, in fact, did receive the plaintiff's 'Book of Shadows'. It also shows that this 'Book of Shadows' is labelled as such; was marked 'Religious Material' in the upper right-hand corner; and had the plaintiff's Utah State Prison number, his OBCIS number, and name on it. Notably "The Wiccan Worship and Study Materials" also appear on the front cover. The titles under "Replace", are books the plaintiff was forced to donate when he was sent to Uintah County Jail for housing in 2018, as he was only allowed to take two (2) books with him; and didn't have the funds to mail the others off. Only one of these has been replaced, sent directly to the plaintiff's brother.

### C. Cause of Action

1. I allege that my constitutional rights, privileges, or immunities have been violated, and that the following facts form the basis for my allegations.

   A. (1) Count One: Interference with the plaintiff's freedom of religion
      (2) Supporting facts: When defendants Lund and Brouwbaar disposed of the plaintiff's copy of "The Good Witches Bible" by Gavin and Yvonne Frost, without inventorying it, they interfered with his freedom of religion.

   B. (1) Count Two: Interference with the plaintiff's freedom of religion.
      (2) Supporting facts: As employees of the Utah Department of Corrections, qualified to do searches, defendants Lund and Brouwbaar should have known that the plaintiff's 'Book of Shadows' was sacrosanct and left it in the plaintiff's tote. It had survived countless moves and searches over the past 20 years; why now was it being considered anything other than religious, a "hobbycraft book"?

   C. (1) Count Three: Interference with the plaintiff's freedom of religion
      (2) Supporting facts: Defendant Nichole Koch's insistance that the plaintiff's 'Book of Shadows' must be a "book" from a "publisher" is in opposition to what even the prison's tablet system says (see "Wicca Behind Bars"). Let alone other sources (also mentioned in the background [above]). Her insisting that the plaintiff send his 'Book of Shadows', his religious material, off-property, has prevented the plaintiff from worshipping in a meaningful manner.

   D. (1) Count Four: Interference with the plaintiff's freedom of religion
      (2) Supporting facts: Defendant Anna Lee Carlson has been employed by the Utah Department of Corrections in the mail and property areas for years. As such, she should know the rules, regulations, policies and law regarding religious items i.e. the plaintiff's 'Book of Shadows'. "Signing-off" on defendant Nichole Koch's decision (Exhibit D) to have the plaintiff send his 'Book of Shadows' off-property has prevented the plaintiff from holding circle in a meaningful manner (how is he supposed to worship without his prayer book?), thus depriving him of his freedom of religion.

C. (1) COUNT FIVE: INTERFERENCE WITH THE PLAINTIFF'S FREEDOM OF RELIGION
   (2) SUPPORTING FACTS: AS EXECUTIVE DIRECTOR OF THE UTAH DEPARTMENT OF CORRECTIONS, DEFENDANT BRIAN NIELSON IS CHARGED IN HIS OFFICIAL CAPACITY WITH PROMULGATING AND IMPLEMENTING THE POLICIES AND PROCEDURES TO BE FOLLOWED BY UDOC EMPLOYEES AND THOSE UNDER THEIR DIRECTION AND CARE; i.e. INMATES. IF RELIGIOUS PROGRAMMING / THE CHAPEL HAS SAID THAT AN INMATE'S 'BOOK OF SHADOWS' IN ANY FASHION IS CONSIDERED 'RELIGIOUS'; THEN POLICY et cetera NEED TO REFLECT THIS, AND STAFF INFORMED. OTHERWISE, INMATE'S PERSONAL RELIGIOUS FREEDOMS ARE INTERFERED WITH AS HAPPENED WITH THE PLAINTIFF.

## D. INJURY

1. HOW HAVE YOU BEEN INJURED BY THE ACTIONS OF THE DEFENDANTS?
   IN THE WICCAN RELIGION EACH FULL MOON (ESBAT) IS CELEBRATED AS WELL AS THE QUARTERS AND CROSS-QUARTERS (SOLSTICES, EQUINOXES, AND MID-POINTS) OF THE SOLAR CALENDAR (SABATS); WITHOUT ACCESS TO HIS 'BOOK OF SHADOWS', THE PLAINTIFF IS UNABLE TO DO MORE THAN SIMPLY ACKNOWLEDGE THESE EVENTS... HE IS UNABLE TO CELEBRATE THEM PROPERLY.
   AS A WICCAN'S 'BOOK OF SHADOWS' IS MORE THAN SIMPLY A "PRAYER BOOK", THE PLAINTIFF IS UNABLE TO ACCESS PREVIOUSLY RESEARCHED INFORMATION FROM IT, NOR SHARE THIS INFORMATION WITH FELLOW WICCANS AND OTHERS. HIS RELIGIOUS FREEDOM, HIS ABILITY TO WORSHIP, HAS BEEN STRIPPED FROM HIM.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. HAVE YOU FILED OTHER LAWSUITS IN STATE OR FEDERAL COURT THAT DEAL WITH THE SAME FACTS THAT ARE INVOLVED IN THIS ACTION OR OTHERWISE RELATE TO THE CONDITIONS OF YOUR IMPRISONMENT? Yes.
   THE PLAINTIFF CURRENTLY HAS TWO OTHER CASES BEFORE THIS COURT:
   (A) 2:22-cv-00131, NAVES v BRIAN NIELSON (UDOC) — THIS IS A CLASS-ACTION SUIT ALLEGING THAT THE UTAH DEPARTMENT OF CORRECTIONS HAS INTERFERED WITH INMATE'S ACCESS TO THE COURTS, BY PREVENTING INMATES FROM LEARNING ABOUT STATE SUPREME COURT DECISIONS AND APPLYING FOR THEIR PROTECTIONS i.e. STATE v MAUCHLEY 2003 UT 10, 67 P.3d 477.
   (B) 1:22-cv-00046, NAVES v KELLY SPARKS (DAVIS COUNTY JAIL) — WHEREIN THE PLAINTIFF ALLEGES THAT WHILE HOUSED AT DAVIS COUNTY JAIL AS A STATE INMATE THAT FACILITY BOTH INTERFERED WITH HIS ACCESS TO THE COURT (NOTIFICATION OF CHANGE OF ADDRESS), AND ALSO DEPRIVED HIM OF HIS RELIGIOUS MATERIAL, NAMELY HIS 'BOOK OF SHADOWS'. THE PLAINTIFF WAS RETURNED TO STATE CUSTODY WITH ALL HIS PROPERTY ON 17 NOVEMBER, 2021.

2. HAVE YOU PREVIOUSLY SOUGHT FORMAL OR INFORMAL RELIEF FROM THE APPROPRIATE ADMINISTRATIVE OFFICIALS REGARDING THE FACTS COMPLAINED ABOUT IN PART C?
   Yes. PLEASE SEE EXHIBITS C AND D.

F. Relief Requested

1. I believe I am entitled to the following relief:
    A. $2 million from the Utah Department of Corrections, for the actions taken by its employees in its name.
    B. $250,000.00 for the confiscation and removal of the plaintiff's 'Book of Shadows' from his possession.
    C. $250,000.00 for Nichole Koch accessing the plaintiff's 'Book of Shadows' and determining she would not allow it to be returned to the plaintiff.
    D. $250,000.00 for each Esbat and Sabat after 14 July 2022, until this matter is settled, that the plaintiff is unable to celebrate using his 'Book of Shadows'.
    E. $50,000.00 each from defendants Lund, Brouwbaar, Koch, and Carlson, for their actions in depriving the plaintiff of his access to his 'Book of Shadows'.
    F. Reimbursement for replacement costs for the plaintiff's missing copy of "The Good Witches Bible" by Gavin and Yvonne Frost
    G. Reimbursement for mailing costs ($12.45) associated with sending the plaintiff's 'Book of Shadows' off-property
    H. Reimbursement for all postage, copying, filing fees and court costs associated with this matter.

Declaration

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621

Executed at Utah State Correctional Facility, 1480 N 8000 W, Salt Lake City, Utah 84116 on 23 October 2022

*[signature]*

Randall Thomas Naves