THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RANDALL THOMAS NAVES,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN NIELSON et al.,<br><br>Defendants. | **ORDER FOR SERVICE OF PROCESS**<br><br>Case No. 2:22-CV-695 JNP<br><br>District Judge Jill N. Parrish |

As an unrepresented inmate, Plaintiff filed this civil-rights suit, 42 U.S.C.S. § 1983 (2023), proceeding without prepaying the filing fee, *see* 28 *id.* § 1915. (ECF Nos. 1, 6-7.) Plaintiff named the following Utah Department of Corrections (UDOC) defendants, in their individual and official capacities: Mary Brockbader; Anna Lee Carlson (supervisor of "mail and property"); Nichole Koch (property manager); Clinton Lund; and Brian Nielson (executive director).[1] (ECF Nos. 7, 10.) Plaintiff's claims are based on allegations that Defendants breached the Free Exercise Clause by depriving Plaintiff of two religious books.[2] (*Id.*) Under "Relief Requested," Plaintiff asks for money damages. (*Id.*)

**I. MOTIONS TO AMEND NAMED DEFENDANTS**

Since filing the Complaint, Plaintiff has filed motions to adjust the named defendants. (ECF Nos. 18-19.) First, asserting that Defendant Nielson was named in his official capacity only,

---

[1] Plaintiff filed "Notice of Correct Information" to set forth the correct names and spellings for Defendants Lund and Brockbader. (ECF No. 10.)

[2] The Complaint caption states, "Civil Rights Complaint under Title 42 U.S.C. § 1983 Title 42 U.S.C. § 2000 (RLUIPA)," but the Religious Land Use and Institutionalized Person Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5 (2023), is never again mentioned--explicitly or implicitly--in the Complaint. (ECF No. 7.) The Court therefore disregards RLUIPA further here.

Plaintiff asks to substitute the current executive director, Brian Redd, in place of the past executive director, Nielson. (ECF No. 18.) Second, recognizing that their ineligibility for liability under the *respondeat superior* doctrine, Plaintiff asks to delete Nielson and Redd from the Complaint. (ECF Nos. 7, 19.) Plaintiff goes on to request that UDOC, "in whose name and under whose authority the other defendants acted, remains a party to this action." (*Id.*) Plaintiff has not already named UDOC as a defendant, so the Court reads this as a request to do so now.

### A. Eleventh Amendment Immunity

Defendants are all employed by the state—specifically, by UDOC. "When a suit alleges a claim against a state official in his official capacity, 'the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment.'" *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (citation omitted). Here, Plaintiff's only requested remedy is monetary damages. (ECF No. 7, at 5.) And "[i]t is well-settled that a request for money damages against a state defendant in his official capacity is generally barred by the Eleventh Amendment." *Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007) (unpublished). Plaintiff suggests no basis for deciding that the State of Utah has waived, or that Congress has abrogated, its immunity. *See Winward v. Huntsman*, No. 2:11-CV-1196, 2012 U.S. Dist. LEXIS 80621, at *5-6 (D. Utah June 7, 2012).

Though the Complaint has yet to be served, sovereign immunity has attributes of a jurisdictional bar. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982). That means that the Court may, in its discretion, broach the matter of Eleventh Amendment immunity on its own. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017). Here, based on sovereign immunity, the Court exercises its discretion to conclude that Plaintiff may not raise his claims against any of these defendants in their official capacities.

### B. *Respondeat Superior*

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). In this § 1983 suit, Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

Under these principles, the Court agrees with Plaintiff that neither Nielson nor Redd--as UDOC executive directors--may be further pursued as defendants because they are alleged to have participated in constitutional breaches only as supervisors. The same goes for UDOC. In their individual capacities, these three defendants are therefore dismissed from this action.

### II. SERVICE OF PROCESS

Having now screened the Complaint, (ECF No. 7), under its statutory review function,[3] the court concludes that official service of process is warranted for remaining defendants, only in their

---

[3] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

individual capacities. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from the following defendants: Mary **Brockbader**; Anna Lee **Carlson**; Nichole **Koch**; and Clinton **Lund**. (ECF No. 7.)

### III. CONCLUSION & ORDER

**IT IS ORDERED** that:

**(1)** Plaintiff's motions to modify defendants are **DENIED**. (ECF Nos. 18-19.) Regarding motion number 18, Plaintiff is disallowed from raising his claims for money damages against any defendants in their official capacities, including Defendants Nielson and Redd. Regarding motion number 19, neither Nielson or Redd--as UDOC executive directors--may be further pursued as individual defendants because they are alleged to have participated in constitutional breaches only as supervisors. The same goes for UDOC. Under both their official and individual capacities, Nielson, Redd, and UDOC are therefore **DISMISSED** from this action.

**(2)** Remaining defendants--Brockbader, Carlson, Koch, and Lund--shall answer the Complaint in their individual capacities only.

**(3)** The Clerk of Court shall mail:

(a) Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398 (for each defendant); 2 copies of Waiver of the Service of Summons, AO form 399 (for each remaining defendant); copy of the Complaint, (ECF No. 7), and this Order to:

> **Utah Department of Corrections**
> **Att'n: Correctional Program Coordinator--3rd Floor DPO Suite**
> **14717 South Minuteman Drive**
> **Draper, Utah 84020**.

**(b)** Copies of Complaint and this Order to:

> **Utah Attorney General's Office**
> **Att'n: Litigation Division, Prisoner Litigation Unit**
> **160 East 300 South, Sixth Floor**
> **P.O. Box 140856**
> **Salt Lake City, Utah 84114-0856**.

**(3)** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of serving summons and complaint. Under Rule 4, if Defendants fail to waive service of summons, after being asked by the Court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for failing to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date on which the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows longer time to respond than would be required if formal service of summons is necessary.) Defendants must read the statement at the bottom of the waiver form that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons, but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

**(4)** For every Defendant for whom service has been ordered but for whom a waiver has not been executed, attorneys for the entity at which service was tried for that defendant must file a notice listing the defendant for whom service has not been waived and the reasons a waiver has not been provided. This report is due **30 days** from the date the Request was sent.

**(5)** Defendants shall answer the Complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

**(a)** If Defendants assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

**(i)** within **60 days** of date of waiver request, file an answer;

**(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[4] limited to the exhaustion issue; and,

**(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(b)** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**(c)** If Defendants choose not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendants must,

**(i)** within **60 days** of date of waiver request, file an answer;

**(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

---

[4] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

  **(d)** If Defendants want to seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

**(5)** Plaintiff must, within **30 days** of its filing, respond to *Martinez* report, including a request and justification for other discovery needed.

**(6)** Plaintiff must, within **30 days** of its filing, respond to any motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

**(7)** Defendants shall file a reply brief within **14 days** after the date Plaintiff's opposition is filed.

**(8)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

  DATED February 13, 2024.

      BY THE COURT:

      _____
      JUDGE JILL N. PARRISH
      United States District Court

## Fed Rule of Civil Procedure 56

Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**
    **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
    **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    **(1)** defer considering the motion or deny it;
    **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    **(3)** issue any other appropriate order.
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
    **(1)** give an opportunity to properly support or address the fact;
    **(2)** consider the fact undisputed for purposes of the motion;
    **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
    **(4)** issue any other appropriate order.
**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
    **(1)** grant summary judgment for a nonmovant;
    **(2)** grant the motion on grounds not raised by a party; or
    **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to

respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## DISTRICT OF UTAH LOCAL CIVIL RULE 56-1

### SUMMARY JUDGMENT MOTIONS AND MEMORANDA

**(a) Compliance with DUCivR 7-1**.
A motion for summary judgment, response, and reply must comply with DUCivR 7-1 in addition to the requirements in this rule.

**(b) Motion**.
If a party files more than 1 summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for summary judgment must be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described in 56-1(e), and include the following sections:

    (1) <u>Introduction and Relief Requested</u>. A concise statement of each claim or defense for which summary judgment is sought and a clear statement of the relief requested.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and Relief Requested and the Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

    (3) <u>Statement of Undisputed Material Facts</u>. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix that supports each factual assertion.

    (4) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why the moving party is entitled to judgment as a matter of law. The argument section should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual references must cite to the Appendix.

**(c) Response**.
A response to a motion for summary judgment may be accompanied by an Appendix of Evidence, if applicable, and must include the following sections.

    (1) <u>Introduction</u>. A concise statement explaining why summary judgment should be denied.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and the Response to Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

    (3) <u>Response to Statement of Undisputed Material Facts</u>. A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact. The responding party should not restate undisputed facts. If a fact is inadmissible, the responding party must object, as provided in DUCivR 7-1(b), rather than move to strike the inadmissible fact. Factual citations must reference the appropriate Appendix.

    (4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting evidence. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.

    (5) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable

supporting authority, why summary judgment should be denied. Any factual citations must cite to the appropriate Appendix.
**(d) Reply**.
The moving party may file a reply. In the reply, a party may cite to evidence that was not previously cited only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it.
**(e) Appendix of Evidence**.
  (1) All evidence cited in a motion, response, or reply must be compiled in an appendix. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.
  (2) The Appendix must include:
    (A) a captioned, cover-page index that—
      (i) lists each exhibit by number;
      (ii) includes a description or title of the exhibit; and
      (iii) identifies the source of the exhibit;
    (B) complete copies of all exhibits, including deposition transcripts. For lengthy deposition transcripts, the party may submit the relevant pages of the deposition and the 4 pages before and 4 pages after the sections cited. Manuscript transcripts are permitted, unless otherwise ordered by the court.
**(f) Failure to Respond**. If a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law.

## DISTRICT OF UTAH LOCAL CIVIL RULE 7-1

### MOTIONS AND MEMORANDA

**(a) Motion, Response, and Reply**.
  (1) <u>Motion and Memorandum</u>. Except as otherwise allowed by this rule, a motion and memorandum must be contained in the same document and include the following:
    (A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and
    (B) a recitation of relevant facts, supporting authority, and argument.
  (2) <u>Exception to the Requirement to Include Facts and Supporting Authority</u>. The requirement to include facts and supporting authority under section 7-1(a)(1)(B) does not apply to the following motions:
    (A) to extend time for the performance of an act, whether required or permitted, if the motion is made before the current deadline expires;
    (B) to continue a hearing or other court proceeding;
    (C) to appoint a next friend or guardian ad litem;
    (D) to substitute a party;
    (E) for a settlement conference;
    (F) for referral to or withdrawal from the court's ADR program; and
    (G) for approval of a stipulation between the parties.
  (3) <u>No Motion Within a Response or Reply</u>. A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply. Any motion must be separately filed. A cross-motion may incorporate by reference the arguments contained in a response, if applicable.
  (4) <u>Page and Word Limits and Filing Times</u>. Unless the court orders otherwise or the parties stipulate to shorter requirements, the following apply:
    (A) *Motions Filed Under Fed. R. Civ. P. 12(b), 12(c), or 23(c)*.
      (i) A motion or a response may not exceed 25 pages or 7,750 words.
      (ii) A reply may not exceed 10 pages or 3,100 words.

              (iii) A response to a motion must be filed within 28 days after service of the motion.

              (iv) A reply may be filed within 14 days after service of the response.

        (B) *Motions Filed Under Fed. R. Civ. P. 56(a)*.

              (i) A motion or a response may not exceed 40 pages or 12,400 words.

              (ii) A reply may not exceed 20 pages or 6,200 words.

              (iii) A response to a motion must be filed within 28 days after service of the motion.

              (iv) A reply may be filed within 14 days after service of the response.

        (C) *Motions Filed Under Fed. R. Civ. P. 65*.

              (i) A motion or a response may not exceed 25 pages or 7,750 words.

              (ii) A reply may not exceed 10 pages or 3,100 words.

              (iii) A response to a motion must be filed within 14 days after service of the motion.

              (iv) A reply may be filed within 14 days after service of the response.

        (D) *All Other Motions*.

              (i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.

              (ii) A response to a motion must be filed within 14 days after service of the motion.

              (iii) A reply may be filed within 14 days after service of the response.

    (5) <u>Stipulation to Extend Filing Time</u>. Parties seeking to extend the filing time for a response or reply must file a stipulated motion before the filing time has passed. A stipulation to extend a filing time is ineffective without a court order.

    (6) <u>Sections Applicable to Page or Word Limits and Certification Requirement</u>.

        (A) All headings, citations, quotations, and footnotes count toward the page or word limit.

        (B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.

        (C) When a document exceeds the page limit, a party must certify at the end of the document that the document complies with the word limit (e.g., "I, [attorney's name], certify that this [name of document] contains [number of words] words and complies with DUCivR 7-1(a)(4).").

    (7) <u>Overlength Motion, Response, or Reply</u>.

        (A) Unless modified by the assigned judge in a court order or on their "practices and procedures" page on the court website, a party must first obtain a court order authorizing the additional pages or words before filing a motion, response, or reply that exceeds the page or word limits in section 7-1(a)(4). The motion must be filed, and the order obtained, before filing the overlength motion, response, or reply. The motion to exceed the page or word limit must include:

              (i) the number of additional pages or words that are needed; and

              (ii) a statement of good cause why additional pages or words are needed. (B) An overlength motion, response, or reply must contain a table of contents.

    (8) <u>Motion Seeking Relief Similar to Another Party's Motion</u>. Each party seeking relief from the court must file a motion that identifies the relief sought and grounds for the requested relief. A party may incorporate by reference another party's arguments in the party's own motion, if applicable, but filing a "Notice of Joinder" is improper.

    (9) <u>Additional Memoranda</u>. Unless otherwise ordered, the court will not consider additional memoranda.

**(b) Motion to Strike Evidence Improper; Evidentiary Objections Permitted**.

    (1) A motion to strike evidence offered in another party's motion, response, or reply is improper.

    (2) If evidence is offered in a motion or a response, the response or reply may include an

objection to the evidence. In exceptional circumstances, the objection may be filed as a separate document simultaneously with the response or reply.

 (3) If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply.

 (4) A party may file a response to an evidentiary objection at the same time any response or reply is due or no later than 7 days after the objection was filed, whichever is later.

**(c) Supplemental Authority**.

When pertinent and significant authority comes to the attention of a party before the court has entered a decision on a motion, the party may file a Notice of Supplemental Authority, which may not exceed 2 pages.

 (1) The notice must contain, without argument, the following:

  (A) a reference either to the page of the memorandum or to a point argued orally to which the supplemental authority pertains; and

  (B) the reasons why the supplemental authority is relevant.

 (2) The court may decide a motion without waiting for a response to the notice. If the court has not ruled on the motion, a party may file a response, which may not exceed 2 pages, within 7 days after service of the notice.

**(d) Supporting Exhibits**.

When evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document.

**(e) Proposed Orders**.

 (1) <u>When Required</u>. A party must provide a proposed order when filing a motion under section 7-1(a)(2) of this rule or when the court orders otherwise.

 (2) <u>Filing Procedures</u>. To file a proposed order, a party must:

  (A) attach it as an exhibit to the motion; and

  (B) email an editable copy of the proposed order, copied to other parties or their counsel—

   (i) for motions filed under DUCivR 77-2, to utdecf_clerk@utd.uscourts.gov; and

   (ii) for all other motions, to the assigned judge's chambers.

**(f) Failure to Respond**.

Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.

**(g) Oral Arguments on Motions**.

The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.

**(h) Summary Judgment**.

This rule and DUCivR 56-1 apply to motions for summary judgment and related memoranda.

**(i) Courtesy Copies**.

The court may require a party to provide courtesy copies as described in the court's ECF Procedures Manual and on the Judge Information section of the court's website.

**(j) Sanctions**.

Failure to comply with the requirements of this rule may result in the court imposing sanctions, including:

 (1) returning the document for resubmission in accord with the rule;

 (2) denial of the motion; or

 (3) any other sanction the court deems appropriate.